IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division

CHRISTHIAN ORTIZ-ANDINO,
          *Petitioner*,
   v.

SECRETARY OF HOMELAND
SECURITY, *et al.*,
          *Respondents*.

1:26-cv-517-MSN-WBP

ORDER

Christhian Ortiz-Andino ("Petitioner") has filed a four-count Petition for Writ of Habeas Corpus ("Petition") under 28 U.S.C. § 2241, in which he asserts that he has been illegally detained by the U.S. Department of Homeland Security's ("DHS") Immigration and Customs Enforcement ("ICE"). ECF 1. Specifically, Petitioner alleges that his characterization by DHS as an "applicant for admission" pursuant to 8 U.S.C. § 1225(a), thus subjecting him to mandatory detention under 8 U.S.C. § 1225(b)(2), violates his due process rights (Counts I, II), the INA and its regulations (Count III), and the APA (Count IV).

Petitioner is currently detained at the Farmville Detention Center in Farmville, Virginia. He has sued Todd M. Lyons, ICE's Acting Director; Joseph Simon, the Acting Field Office Director of ICE Enforcement and Removal Operations ("ERO"); the DHS Secretary; and Pamela Bondi, the Attorney General (collectively "Federal Respondents"). *Id*. He has also sued Jeffrey Crawford, the warden of the Farmville Detention Center.

In response to the Court's Order of February 25, 2026 (ECF 2), Federal Respondents have confirmed that the factual and legal issues presented in the Petition do not differ in any material fashion from those presented in *Luna Sanchez*, 1:25-cv-1888 (E.D. Va.). ECF 4. Accordingly, the

Court incorporates the filings from *Luna Sanchez* into this case and for the reasons that follow, the Court will grant the Petition as to Counts I and II.[1]

### I. BACKGROUND

Petitioner is a citizen of Honduras. ECF 1 ¶ 27. He entered the United States in January 2018 and has resided here since that time. *Id*. Federal Respondents first apprehended Petitioner in February 2018 and charged him with being inadmissible to and removable from the United States under 8 U.S.C. §§ 1182(a)(6)(A)(i), 1182(a)(7)(A)(i)(I). *Id*. ¶ 28. At that time, DHS made an initial custody determination to release Petitioner on a $1,500 bond pursuant to 8 U.S.C. § 1226. In October 2025, Petitioner and a friend decided it would be better to sleep in one of their cars than to drive home inebriated after a night of drinking. *Id*. ¶ 34. Petitioner was arrested by local police officers for public intoxication and was released from local jail within 48 hours. *Id*. However, upon release, ICE agents immediately arrested Petitioner and have since detained him at the Farmville Detention Center. *Id*. ¶¶ 34-36. Petitioner alleges that DHS has refused him release on bond while his removal proceedings are pending and that requesting custody redetermination from an Immigration Judge ("IJ") would be futile pursuant to the Board of Immigration Appeals ("BIA")'s decision in *Matter of Yajure Hurtado*, 29 I&N Dec. 216 (BIA 2025).[2] ECF 1 ¶¶ 56, 64.

### II. ANALYSIS

The central question posed in the Petition is whether Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2) or instead subject to discretionary detention and entitled to a bond hearing under 8 U.S.C. § 1226(a). Petitioner contends that his detention should be governed

---

[1]     Because the Court grants the Petition as to Counts I and II, it need not address Petitioner's other claims.

[2]     Federal Respondents have waived any argument that Petitioner did not exhaust his administrative remedies with respect to his habeas claim. However, to ensure that Petitioner's eventual bond hearing comports with ordinary ICE procedures, this Court will direct Petitioner to file a motion for custody redetermination pursuant to 8 C.F.R. § 236.1(d)(1) before Federal Respondents hold the hearing required by this Order if Petitioner has not already done so.

by § 1226(a) and that his current detention without bond pursuant to § 1225(b)(2) violates his right to due process.

At bottom, Federal Respondents' argument is that anyone in the United States who has not been admitted is subject to mandatory detention under § 1225(b), and § 1226(a)'s discretionary detention provisions apply only to those who have been given legal status and subsequently placed into removal proceedings. They therefore insist that because Petitioner is present in the United States but has not been legally "admitted," he should be considered an applicant for admission under § 1225(a), and subject to mandatory detention under § 1225(b)(2).

Federal Respondents' argument reflects DHS's novel interpretation of decades-old immigration detention statutes which, as several district courts throughout the country have found,[3] is contrary to DHS's implementing regulations and published guidance, the decisions of its immigration judges (until very recently), longstanding practice in U.S. immigration law, the Supreme Court's interpretation of the statutory scheme, and traditional tools of statutory construction. *See, e.g.*, *Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *8–9 (E.D. VA. Sept. 19, 2025); *Romero v. Hyde*, No. 25-cv-11631, 2025 WL 2403827, at *9 (D. Mass. Aug. 19, 2025). This new approach will also subject "millions more undocumented immigrants to mandatory detention, while simultaneously narrowing § 1226(a) such that it would have [an] extremely limited (if any) application." *Lopez Benitez v. Francis*, No. 25-cv-5937, 2025 WL 2371588, at *8 (S.D.N.Y. Aug. 13, 2025) (footnote omitted). This Court has previously addressed several of these points in *Quispe-Ardiles*, 2025 WL 2783800, and adopts and incorporates that

---

[3]     *See Luna Quispe v. Crawford*, No. 1:25-cv-1471-AJT-LRV, 2025 WL 2783799, at *6 & n.9 (E.D. Va. Sept. 29, 2025) (collecting cases).

reasoning into this Order.[4] *See also, e.g.*, *Flores Pineda v. Simon*, No. 1:25-cv-01616-AJT-WEF, 2025 WL 2980729, at *2 nn.2 & 3 (E.D. Va. Oct. 21, 2025) (providing additional explanation for why § 1225(b)(2) does not apply).

Because Petitioner has been present in the United States for roughly eight years, and because § 1226(a) sets forth "the default rule" for detaining and removing noncitizens "already present in the United States," *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018), his detention is governed by § 1226(a). As Petitioner was previously released on bond granted by DHS pursuant to § 1226(a) and because Federal Respondents do not suggest that bond was violated or point to any change in circumstances that could justify the revocation of Petitioner's bond, *Luna Sanchez*, 2025 WL 3191922, at *4 (E.D. Va. Nov. 14, 2025) (citing *Saravia v. Sessions*, 280 F. Supp. 3d 1168, 1197 (N.D. Cal. 2017)), Petitioner's detention is unlawful and he must be immediately released.

## III.    CONCLUSION

For all the reasons stated above, the Petition (ECF 1) is GRANTED, and it is hereby

ORDERED that Petitioner be released from custody on the bond that was set in February 2018, no later than 4:00 p.m. on Monday, March 9, 2026, with all of his personal property; and it is further

---

[4]    The Court further notes that, "of the 288 district court decisions to address the issue, 282 have determined that § 1226(a) applies or likely applies in situations similar to those presented here." *Demirel v. Fed. Det. Ctr. Phila.*, 2025 WL 3218243, at *4–5 (E.D. Pa. Nov. 18, 2025). Although the Court is aware of the Fifth Circuit's decision reaching a contrary conclusion in *Buenrostro-Mendez v. Bondi*, Nos. 25-20496 & 25-40701, 2026 WL 323330 (5th Cir. Feb. 6, 2026), that decision is not binding here, *CASA de Maryland, Inc. v. Trump*, 971 F.3d 220, 260 (4th Cir. 2020). Moreover, the Court is unpersuaded by the Fifth Circuit majority's reasoning for many of the reasons cogently set forth in Judge Douglas's dissent, which explains that the majority's interpretation risks rendering substantial portions of the statutory scheme superfluous and internally inconsistent. *See Buenrostro-Mendez*, 2026 WL 323330, at *10–18.

ORDERED that Petitioner's counsel immediately provide the Court and Federal Respondents with a fixed address for Petitioner's release so that DHS may notify him of future bond proceedings; and it is further

ORDERED that Federal Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are ENJOINED from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law; has failed to attend any properly noticed immigration or court hearing; or has received a final order of removal; and it is further

ORDERED that Federal Respondents file a notice with the Court confirming Petitioner's release.

**IT IS SO ORDERED.**

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

/s/
Michael S. Nachmanoff
United States District Judge

March 6, 2026
Alexandria, Virginia